# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**GEORGE W. KERR,**

        **Plaintiff,**

**-vs-**                                  **Case No.  2:04-cv-376-FtM-33DNF**

**UNITED STATES OF AMERICA,**

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT (Doc. No. 16)** |
| **FILED:** | **November 10, 2004** |

**THEREON** it is **RECOMMENDED** that the Motion to Dismiss be **GRANTED**, and the Motion for More Definite Statement be moot.

The Defendant, United States of America, filed its Motion to Dismiss, or in the Alternative, for More Definite Statement for failure of Plaintiff to allege that this Court has jurisdiction over the subject matter. The Motion was referred to this Court by Order (Doc. 19) entered on April 13, 2005 by the Honorable Virginia M. Hernandez Covington, United States District Judge for the issuance of a Report and Recommendation.

**Rule 12(b)(1)**

The United States contends that this action should be dismissed because the Court lacks jurisdiction to hear this matter. "A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction." *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157, (11th Cir. 1981). A motion to dismiss is the appropriate vehicle to raise the defense of lack of subject matter jurisdiction due to the United States not waiving sovereign immunity for a particular type of suit. *Id*. The Unites States is immune from suit unless it has expressly waived its immunity and has consented to suit. *Rosado v. Curtis*, 885 F.Supp. 1538, 1542 (M.D. Fla. 1995), *Citing*, *United States v. Shaw*, 309 U.S. 495, 500-01 (1940). When a defendant moves to dismiss an action based upon lack of subject matter jurisdiction, the plaintiff bears the burden of establishing federal jurisdiction. *Echols v. Bank of America, N.A.*, 2005 WL 563116, *1 (N.D. Ga. 2005), *Citing*, *Stockman v. Fed Election Comm'n*, 138 F.3d 144, 151 (5th Cir, 1998). "While the plaintiff's burden is not onerous, the plaintiff must show the complaint alleges a substantial non-frivolous claim arising under federal law, [citations omitted] or must establish another basis for jurisdiction, such as diversity of citizenship." *Id*.

In the Complaint, the Plaintiff alleges that the United States failed to fulfil its legal duty to support the Constitution. (Com[1]. p. 1) Plaintiff claims that the Constitution requires the United States to pay him $3 billion for "discovering and reporting necessary corrections to the Constitution." (Com. p. 1). Plaintiff then sets forth the corrections that he believes should be made to the Constitution. He argues that there are "supreme laws," these laws require payment to each citizen of $10,000, and require a payment to Mr. Kerr of $3 billion. Even construing the complaint in the most liberal and

---

[1] "Com." refers to the Complaint (Doc. 1).

favorable manner, Plaintiff's Complaint fails to show any plausible basis for the Court to exercise its limited subject matter jurisdiction. Plaintiff has failed to show that the United States has waived its sovereign immunity with respect to Plaintiff's claims.

Therefore, it is respectfully recommended:

1) The Motion to Dismiss (Doc. 16) be granted, and the Motion for More Definite Statement be moot.

2) The Motion to Offer Copyrights, Discovery Rights to Constitutionally Required Amendments to the U.S. Constitution (Doc. 18) filed March 11, 2005, be denied.

3) The Motion to Establish Jurisdiction in Ft. Myers Court (Doc. 17) filed March 11, 2005, be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this May 10th , 2005.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record